956 F.2d 269
 139 L.R.R.M. (BNA) 2672
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
CERTIFIED WELDING & PRODUCTS, INC., Respondent.
 No. 91-6335.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1992.
 
 1
 Before RYAN and SUHRHEINRICH, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 
 2
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 
 
 3
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Certified Welding & Products, Inc., Roseville, Michigan, its officers, agents, successors, and assigns, enforcing its order dated July 17, 1991, in Case No. 7-CA-31411, and the Court having considered the same, it is hereby
 
 
 4
 ORDERED AND ADJUDGED by the Court that the Respondent, Certified Welding & Products, Inc., Roseville, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 5
 (a) Failing and refusing to bargain collectively and in good faith with the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), AFL-CIO, over the effects on unit employees of the closing of its Roseville, Michigan facility and the layoff of unit employees.
 
 
 6
 (b) Failing and refusing to continue in full force and effect all the terms and conditions of employment of its collective-bargaining agreement with the Union by, inter alia, failing to: give notice of layoff to employees; continue employee insurance coverages; accept or process grievances; and pay profit sharing, vacation pay, and personal or sick day pay.
 
 
 7
 (c) Failing and refusing to furnish the Union with requested information that is necessary for and relevant to the Union's performance of its function as the exclusive bargaining representative of the unit employees.
 
 
 8
 (d) Bypassing the Union and dealing directly with unit employees.
 
 
 9
 (e) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 10
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 11
 (a) On request, bargain with International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), AFL-CIO, as the exclusive representative of the employees in the following appropriate unit:
 
 
 12
 All employees employed by Respondent at its 28336 Hayes, Roseville, Michigan facility; but excluding all technical employees, professional employees, office clericals, guards and supervisors as defined in the Act.
 
 
 13
 (b) On request, meet and bargain with the Union with respect to the effects of the closing of the Respondent's Roseville, Michigan facility and the layoff of unit employees.
 
 
 14
 (c) Give full force and effect to the collective-bargaining agreement with the Union and make whole unit employees for the Respondent's failure to adhere to the terms of that agreement relating, interalia, to continuation of insurance coverages, accepting or processing grievances, and paying profit sharing, vacation pay, and personal or sick day pay, in the manner set forth in the remedy section of the Board's Decision.
 
 
 15
 (d) On request, process the grievances that the Respondent refused to accept and process.
 
 
 16
 (e) On request, furnish the Union with information that the Respondent has failed to furnish and that is necessary for, and relevant to, the Union's performance of its function as the exclusive collective-bargaining representative of the bargaining unit employees.
 
 
 17
 (f) Pay the unit employees laid off or discharged on the date the Respondent closed its Roseville, Michigan facility their normal wages, plus interest, for the period set forth in the remedy section of the Board's Decision.
 
 
 18
 (g) Preserve and, on request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 19
 (h) Post at any facility it may still have in Roseville, Michigan, and mail to the Union and to all unit employees who were employed at its Roseville, Michigan facility a copy of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted and shall be mailed to the Union and to all unit employees. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 20
 (i) Notify the Regional Director in writing within 20 days from the date of this Judgment what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 21
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 22
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 23
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 24
 WE WILL NOT fail and refuse to bargain collectively and in good faith with the representative of our employees with respect to the effects of the closing of our Roseville, Michigan facility and the layoff of unit employees.
 
 
 25
 WE WILL NOT fail and refuse to continue in full force and effect the terms of our collective-bargaining agreement and WE WILL NOT fail to give notice of layoffs, continue insurance coverages, accept or process grievances, and pay profit sharing, vacation pay, and personal or sick day pay as required by our collective-bargaining agreement.
 
 
 26
 WE WILL NOT fail and refuse to furnish information requested by the Union that is necessary for and relevant to the Union's performance of its function as the exclusive collective-bargaining representative of the employees in the bargaining unit.
 
 
 27
 WE WILL NOT bypass the Union and deal directly with unit employees.
 
 
 28
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 29
 WE WILL, on request, bargain with the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), AFL-CIO, as the exclusive collective-bargaining representative of our employees in the following appropriate unit:
 
 
 30
 All employees employed by us at our 28336 Hayes, Roseville, Michigan facility; but excluding all technical employees, professional employees, office clericals, guards and supervisors as defined in the Act.
 
 
 31
 WE WILL, on request, bargain with the Union with respect to the effects of the closing of our Roseville, Michigan facility and the layoff of unit employees.
 
 
 32
 WE WILL continue in full force and effect our collective-bargaining agreement with the Union and make whole unit employees for our failure to adhere to the terms of that agreement relating, inter alia, to continuation of insurance coverages, accepting or processing grievances, and paying profit sharing, vacation pay, and personal or sick day pay.
 
 
 33
 WE WILL, on request, process the grievances that we refused to accept and process.
 
 
 34
 WE WILL, on request, furnish the Union with information necessary for and relevant to the Union's performance of its function as the exclusive collective-bargaining representative of the employees in the bargaining unit.
 
 
 35
 WE WILL pay unit employees laid off or discharged on the date we closed our Roseville, Michigan facility their normal wages, plus interest, for a period required by the Decision and Order.
 
 
 36
 CERTIFIED WELDING & PRODUCTS, INC.
 
 
 37
 (Employer)
 
 
 38
 Dated __________ By ____________________ (Representative)
 
 
 39
 (Title)
 
 
 40
 This is an official notice and must not be defaced by anyone.
 
 
 41
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation